# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATASHA LIPSCOMB<br>5747 East Capitol Street, S.E.<br>Washington, DC  20019,<br><br>    and<br><br>KIMBERLY McLAUGHLIN<br>5747 Blaine Street, N.E.<br>Washington, DC  20019,<br><br>    and<br><br>MARGARET O'BRIEN<br>11 57th  Street, S.E.<br>Washington, DC  20019,<br><br>    and<br><br>FELICIA PATE,<br>228 58th Street, N.E.<br>Washington, DC  20019,<br><br>Individually, and on behalf of<br>All others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE RADDATZ LAW FIRM, P.L.L.C.<br>1212 New York Avenue, N.W.<br>Suite 850<br>Washington, DC  20005,<br><br>    and<br><br>MARK R. RADDATZ, ESQ.<br>1212 New York Avenue, N.W.<br>Suite 850<br>Washington, DC  20005,<br><br>    and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. __ - _____<br>)   (Judge _____)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

EDWARD L. PUGH II, ESQ.                    )
1212 New York Avenue, N.W.                 )
Suite 850                                  )
Washington, DC  20005,                     )
                                           )
                         Defendants.       )
_____ )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES (CLASS ACTION LAWSUIT)

Plaintiffs Natasha Lipscomb, Kimberly McLaughlin, Margaret O'Brien, and Felicia Pate ("the Named Plaintiffs"), for themselves individually and on behalf of a class of additional unnamed plaintiffs similarly situated (collectively, "the Plaintiffs"), by their attorneys, for their Complaint against Defendants The Raddatz Law Firm, P.L.L.C. and its principals, Mark R. Raddatz, Esq. and Edward L. Pugh II, Esq. ("the Defendants"), seeking declaratory and injunctive relief and statutory damages, hereby allege on the basis of their personal knowledge, information and belief as follows:

### NATURE OF THIS ACTION

1.      This is an action for declaratory and injunctive relief and statutory damages, having as its foundation a pattern of wrongful conduct on the part of the Defendants, pursuant to which hundreds, if not thousands, of Verified Complaints for Possession of Real Property have been filed in the Landlord and Tenant Branch of the District of Columbia Superior Court by the Defendants which contain affirmatively false information with respect to the status of the Plaintiffs' federally-subsidized rental properties.  These misrepresentations are intended to mislead, and/or have the effect of misleading, the subjects of these Complaints and the D.C. Superior Court in violation of applicable provisions of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

2.      An extensive pre-suit factual investigation undertaken by individuals acting on behalf of the Plaintiffs' counsel definitively reveals that the Defendants, with full knowledge of easily-discernible facts to the contrary, have – on hundreds of occasions (at a minimum) – filed and to the present day continue to file Complaints in the Superior Court's Landlord and Tenant Branch which falsely characterize the rental properties occupied by the Plaintiffs, as to which eviction and repossession is sought by the Defendants' landlord clients, as "not subsidized and . . . exempt from rent control[.]"  This false characterization, which affirmatively seeks to mislead the tenants for the unilateral benefit of the Defendants' landlord clients, and to avoid alerting the tribunal to the existence of special defenses that must be considered in cases in which a resident of subsidized housing is subject to a claim for eviction, violates the provisions of the FDCPA that prohibit a "debt collector" from making "false or misleading statements" or using "unfair or unconscionable means" to collect a debt.

## JURISDICTION AND VENUE

3.      Jurisdiction of this action is vested in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.  This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendants reside and/or transact business in this jurisdiction and all or a substantial part of the events, acts and/or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## PARTIES

### A.      Named Plaintiffs

5.      Plaintiff Natasha Lipscomb currently resides at 5747 East Capitol Street, S.E., in Washington, D.C. 20019.  Ms. Lipscomb's residence is leased from Capitol Gateway, and her

monthly rent is subject to a subsidy provided by the D.C. Housing Authority ("DCHA") and the U.S. Department of Housing and Urban Development ("HUD").

6.      Plaintiff Kimberly McLaughlin currently resides at 5747 Blaine Street, N.E., in Washington, D.C. 20019.  Ms. McLaughlin's residence is leased from Capitol Gateway, and her monthly rent is subject to a DCHA/HUD subsidy.

7.      Plaintiff Margaret O'Brien currently resides at 11 57th Street, S.E., in Washington, D.C. 20019.  Ms. O'Brien's residence is leased from Capitol Gateway, and her monthly rent is subject to a DCHA/HUD subsidy.

8.      Plaintiff Felicia Pate currently resides at 228 58th Street, N.E., in Washington, D.C. 20019.  Ms. Pate's residence is leased from Capitol Gateway, and her monthly rent is subject to a DCHA/HUD subsidy.

### B.    Defendants

9.      Defendant The Raddatz Law Firm, P.L.L.C. ("the Raddatz Firm") is a District of Columbia Professional Limited Liability Company engaged in the practice of law and located at 1212 New York Avenue, N.W., Suite 850, Washington, DC 20005.

10.     Defendant Mark R. Raddatz, Esq. ("Raddatz"), a principal in the Raddatz Firm, is an attorney licensed to practice law in the District of Columbia, the State of Maryland and the State of Wisconsin.

11.     Defendant Edward L. Pugh II, Esq. ("Pugh"), a principal in the Raddatz Firm, is an attorney licensed to practice law in the District of Columbia.

12.     Defendant the Raddatz Firm and its principals, Defendants Raddatz and Pugh, focus all or a substantial portion of their legal practice on the representation of commercial and residential landlords in regard to landlord/tenant relationships and related disputes.  The Raddatz Firm openly markets itself as a debt collection firm.  The Raddatz Firm's homepage lists "retail

and commercial debt collection" as one of its three principal practice areas.  *See* www.creditors-law.com.  Its landlord-tenant section includes, among the firm's services to landlords, notices for nonpayment; all manner of court appearances; and "Post-Judgment rent Deficiency Collection." *See id.*  As such, the Defendants are "debt collectors" within the scope and contemplation of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL BACKGROUND

### A.    Subsidized Housing Generally

13.    The U.S. Department of Housing and Urban Development provides federal funding for a variety of programs to subsidize rental housing for low-income tenants.  Chief among these are conventional and mixed-income public housing and the Section 8 Housing Choice Voucher Program ("HCVP").

14.    The United States Housing Act of 1937 established the conventional public housing program to "promote the goal of providing decent and affordable housing for all citizens" by supplying funding to states and local jurisdictions to remedy "the acute shortage of decent and safe dwellings for low-income families."  42 U.S.C. § 1437(a); *see also* 24 C.F.R. parts 965, 966 (implementing regulations).  Conventional public housing is owned and operated by local public housing agencies ("PHAs") and rented to low-income families, who pay approximately thirty percent (30%) of their income toward the monthly rent.  *See* Section 1437a(a).  HUD supplements this rental stream with operating subsidies under an Annual Contributions Contract between HUD and the local PHA, as well as capital grants.

15.    PHAs have the authority to use their capital and/or operating funds to participate in mixed-finance projects, in which some or all of the units may be supported with PHA subsidies, along with other funding sources.  In such a project, any unit funded with PHA capital

or an operating subsidy is subject to all of the rules, regulations, and protections applicable to conventional public housing.  42 U.S.C. § 1437z-7.

16.     Congress created the Section 8 Housing Choice Voucher Program under the Housing and Urban-Rural Recovery Act of 1983, with promulgated regulations implementing the program at 24 C.F.R. Part 982.  The HCVP is designed to assist low-income families by providing rent subsidies that enable them to rent units existing in the private rental housing market.  HUD allocates funds to PHAs throughout the nation to administer the HCVP.  Participants in the HCVP receive vouchers from the local PHA, which they may use to rent a unit directly from a private landlord.  The tenant is required to pay approximately thirty percent (30%) of his or her income toward the rent each month, with the local PHA paying the remainder directly to the landlord.  *See* 42 U.S.C. § 1437f.

B.      **The Named Plaintiffs' Subsidized Housing**

17.     Named Plaintiffs Lipscomb, McLaughlin, O'Brien, and Pate reside at Capitol Gateway, a mixed-finance rental property consisting primarily of single-family townhomes.  The vast majority of the units at the property – 263 out of 288 total units – are subsidized by DCHA using public housing funds provided by HUD pursuant to an Annual Contributions Contract. These units are subject to the federal statutory provisions, federal and local regulations, and federal and local policies governing the conventional public housing program.  Additional units at Capitol Gateway are subsidized by DCHA through the federal HCVP, and are subject to the federal statutory provisions, federal and local regulations, and federal and local policies governing the Voucher Program.

C.      **Landlord/Tenant Dispute Resolution In The District of Columbia**

18.     The Landlord and Tenant Branch of the District of Columbia Superior Court ("L/T Branch") is the principal forum for the resolution of local legal disputes involving matters

of possession of real property and alleged breaches of lease agreements. According to the

Superior Court's Annual Reports, there were 36,217 new cases commenced in the L/T Branch in

2012, and 35,543 new cases filed in 2013. The tenant party in these actions is represented by

counsel in only about five-to-ten percent (5-10%) of the cases.

19.     In an effort to level, at least to an extent, the playing field for tenants proceeding

on a *pro se* basis in matters litigated in the L/T Branch in which the tenant's right to continue to

occupy his or her place of residence might be at stake, the Superior Court, acting on

recommendations by its Advisory Subcommittee on Landlord and Tenant Rules, adopted an

amended standard-form pre-printed "Verified Complaint for Possession of Real Property – Form

1A (Nonpayment of Rent-Residential Property)" for use by landlords in commencing eviction

actions in the L/T Branch, effective as of February 2010.

20.     The amended standard Verified Complaint - Form 1A expressly requires the

landlord seeking eviction (or its counsel) to respond, among other things, to the following

inquiry:

> 4.     Rent for the property of which Plaintiff seeks possession is
> subsidized by the federal or local government?
>
> ☐ Yes          ☐ No

The manner in which this inquiry is answered by or on behalf of the landlord may be of critical

importance, because tenants residing in subsidized rental properties are entitled to assert certain

statutory and/or regulatory defenses to repossession that are not available to tenants residing in

non-subsidized rental housing. Thus, where Question No. 4 of the Verified Complaint-Form 1A

is answered "Yes" by the landlord in cases in which the defendant tenant is not represented by

counsel, the presiding Judge is alerted to the need to assure that the *pro se* tenant is appropriately

advised of his/her rights.

21.     Moreover, where the tenant does have legal representation, an affirmative answer to Question No. 4 alerts counsel to the availability of special defenses relating to subsidized tenants that are simply inapplicable in non-subsidized rental housing.  For example, the Brooke Amendment to the United States Housing Act, 42 U.S.C. §§ 1437a(a), 1437f(o)(2) – specifying that subsidized tenants may only pay thirty percent (30%) of their income as "rent" – prevents landlords from converting other fees to "rent."  For tenants in non-subsidized housing, lease provisions allowing this conversion of fees are relatively common.  Similarly, while non-subsidized tenants in D.C. may waive their right to receive a 30-day notice to quit prior to the landlord suing for nonpayment of rent, and most form leases impose such a waiver, the public housing program regulations bar such a waiver.  *See* 24 C.F.R. § 966.4(l)(3).

22.     For tenants living in DCHA/HUD-subsidized rental housing, the stakes in an eviction case also are much higher.  By virtue of their admission into and ongoing eligibility for a subsidized housing program, public housing and voucher tenants are low-income and vulnerable.  Depending on the specifics of the case and the subsidy involved, eviction will result either in the loss of or a substantial threat to the housing subsidy itself.  Once a housing subsidy is lost, few tenants will ever be able to regain it.  The centralized waiting list maintained by DCHA for public housing and the HCVP has been closed since April 2013, and at last count numbered over 70,000 families.

**D.     Defendants' Actions Against the Named Plaintiffs**

23.     On or about November 20, 2013, the Defendants filed a Summons and Verified Complaint - Form 1A on behalf of landlord Capitol Gateway against Plaintiff Lipscomb in the L/T Branch, alleging an obligation on Ms. Lipscomb's part for back rent allegedly due and owing in the amount of $2,593.00, purportedly accruing from June 2013 to November 2013.

Notwithstanding the fact that Ms. Lipscomb plainly resides in DCHA/HUD-subsidized housing,

the Complaint asserted, in pertinent part, as follows:

> The monthly rent is $473.00.  The lease permits late fees of $0.00 per month.
> Plaintiff seeks other fees of $2,593.00 for water, defined as rent under paragraph
> no. 7 of the lease for this property, *which is not subsidized* and is exempt from
> rent control.

*See* Exhibit 1 attached hereto (emphasis added).  In addition, in response to Question No. 4 – *i.e.*,

whether the rent for the property at issue is subsidized by the federal or local government – the

Defendants, on behalf of Capitol Gateway, answered "No."

24.     On or about November 20, 2013, the Defendants filed a Summons and Verified

Complaint - Form 1A on behalf of landlord Capitol Gateway against Plaintiff McLaughlin in the

L/T Branch, alleging an obligation on Ms. McLaughlin's part for back rent allegedly due and

owing in the amount of $5,064.00, purportedly accruing from January 2013 to November 2013.

Notwithstanding the fact that Ms. McLaughlin plainly resides in DCHA/HUD-subsidized

housing, the Complaint asserted, in pertinent part, as follows:

> The monthly rent is $0.00.  The lease permits late fees of $0.00 per month.
> Plaintiff seeks other fees of $5,064.00 for water, defined as rent under paragraph
> no. 7 of the lease for this property, *which is not subsidized* and is exempt from
> rent control.

*See* Exhibit 2 attached hereto (emphasis added).  In addition, in response to Question No. 4-- *i.e.*,

whether the rent for the property at issue is subsidized by the federal or local government -- the

Defendants, on behalf of Capitol Gateway, answered "No."

25.     On or about November 20, 2013, the Defendants filed a Summons and Verified

Complaint - Form 1A on behalf of landlord Capitol Gateway against Plaintiff O'Brien in the L/T

Branch, alleging an obligation on Ms. O'Brien's part for back rent allegedly due and owing in

the amount of $1,263.00, purportedly accruing from January 2013 to November 2013.

Notwithstanding the fact that Ms. O'Brien plainly resides in DCHA/HUD-subsidized housing, the Complaint asserted, in pertinent part, as follows:

> The monthly rent is $0.00. The lease permits late fees of $0.00 per month. Plaintiff seeks other fees of $1,263.00 for water, defined as rent under paragraph no. 7 of the lease for this property, *which is not subsidized* and is exempt from rent control.

See Exhibit 3 attached hereto (emphasis added). In addition, in response to Question No. 4-- *i.e.,* whether the rent for the property at issue is subsidized by the federal or local government -- the Defendants, on behalf of Capitol Gateway, answered "No."

26.     On or about November 26, 2013, the Defendants filed a Summons and Verified Complaint - Form 1A on behalf of landlord Capitol Gateway against Plaintiff Pate in the L/T Branch, alleging an obligation on Ms. Pate's part for back rent allegedly due and owing in the amount of $2,593.00, purportedly accruing from January 2013 to November 2013.

Notwithstanding the fact that Ms. Pate plainly resides in DCHA/HUD-subsidized housing, the Complaint asserted, in pertinent part, as follows:

> The monthly rent is $0.00. The lease permits late fees of $0.00 per month. Plaintiff seeks other fees of $2,593.00 for water, defined as rent under paragraph no. 7 of the lease for this property, *which is not subsidized* and is exempt from rent control.

See Exhibit 4 attached hereto (emphasis added). In addition, in response to Question No. 4-- *i.e.,* whether the rent for the property at issue is subsidized by the federal or local government -- the Defendants, on behalf of Capitol Gateway, answered "No."

### E.     The Defendants' Pattern of Wrongful Conduct

27.     Named Plaintiffs Lipscomb, McLaughlin, O'Brien, and Pate, separate and apart from one another, each had the good fortune to obtain legal representation in the L/T Branch proceedings initiated by the above-described eviction actions brought by the Defendants herein from attorneys employed by the Legal Aid Society of the District of Columbia ("Legal Aid"),

who are experienced in landlord-tenant law generally and in subsidized housing in particular.  In each instance, the cases were resolved without either an adverse judgment or loss of the residence of any of the Named Plaintiffs.

28.     Nonetheless concerned by the substance and implications of the false representations regarding the subsidy status of the rental properties at issue in each case as conveyed to the L/T Branch by landlord Capitol Gateway and its counsel, Legal Aid, utilizing the human resources of a host of legal assistants and interns acting under attorney supervision, undertook a comprehensive investigation into and analysis of the Complaints filed by the Defendants on behalf of three of the Raddatz Firm's prominent landlord clients in the L/T Branch in 2013 and 2014, through October of this year.

29.     The Legal Aid investigators determined that landlord Capitol Gateway consists of three developments:  Capitol Gateway Townhomes, Capitol Gateway Single Family Rental, and Capitol Gateway Senior Estates.  According to the D.C. Preservation Catalog, a local listing guide for subsidized housing in the Washington, D.C. area (available at http://www.neighborhoodinfodc.org/preservationcatalog/dcpreservationcatalog.pdf), the three Capitol Gateway developments cumulatively total 288 rental units, 263 of which (91%) are subject to DCHA/HUD rent subsidies, with an undetermined number of additional units subject to other tenant-based rent subsidies.

30.     The investigation also focused upon the Raddatz Firm's landlord client Glenncrest, with a total of 61 rental units, all of which are subject to DCHA-subsidized rent according to the Preservation Catalog.

31.     The third Raddatz Firm landlord client subject to inquiry and analysis, Wheeler Creek, has 180 total rental units, some 148 of which (82%) receive DCHA rental assistance per

11

the Preservation Catalog, with an undetermined number of additional units subject to other tenant-based rent subsidies.

32.     Within the time period from November 20, 2013 – the date on which the nonpayment of rent actions were filed by the Defendants against Named Plaintiffs Lipscomb, McLaughlin, O'Brien, and Pate – through the end of October 2014, roughly 100 actions were initiated on behalf of the three landlords by the Raddatz Firm in the L/T Branch.  Of these, a total of only four (4) of the Complaints indicated that the rental property at issue was subsidized, notwithstanding the extremely high percentage of subsidized units among these landlords' properties.

33.     The majority of the Complaints filed by Defendants between November 20, 2013 and October 2014 list tenant rents of $500 or less – far below market rates – raising a strong likelihood that the units in question are subsidized with tenant rent based on a percentage of income.  A number of the Complaints, including those filed against Named Plaintiffs McLaughlin, O'Brien, and Pate, list a current tenant rent of zero dollars.

34.     An additional 118 actions filed by the Raddatz Firm in the L/T Branch on behalf of Capitol Gateway, Glenncrest and Wheeler Creek between January 1, 2013 and November 20, 2013 were analyzed.  Not one of these Complaints identified the rental property at issue as subsidized.

## CLASS ACTION ALLEGATIONS

35.     The Named Plaintiffs bring this action for themselves individually and on behalf of all others similarly situated.

36.     The Named Plaintiffs seek to represent a class consisting of all individuals residing in federally and/or locally subsidized rental housing units within the District of Columbia which are owned by landlords represented by the Raddatz Firm and who have been,

are now, or will in the future be subject to legal proceedings filed in the L/T Branch of the D.C. Superior Court in which the Raddatz Firm misrepresents the subsidy status of their rental properties.

37.     The Named Plaintiffs seek certification pursuant to Rule 23(b)(2), Fed. R. Civ. P., to represent a class of persons requesting declaratory and injunctive relief to terminate the pattern of unlawful conduct in which the Defendants are engaged in representing their landlord clients, which conduct clearly violates applicable provisions of the FDCPA.  The named Plaintiffs also seek certification pursuant to Rule 23(b)(3), Fed. R. Civ. P., to represent a class of persons requesting the recovery of statutory damages to the extent they have been the subject of the Defendants' unlawful conduct in violation of the FDCPA.

38.     Although the precise size of the class for which certification is sought is currently unknown, the total number of putative class members, upon information and belief, is in the hundreds, if not thousands.  Accordingly, the proposed class is so numerous that the joinder of all individual class members is impracticable.

39.     All of the tenants of subsidized rental housing of which the proposed class is composed are equally subject to the actual or potential adverse consequences of the on-going, common course of conduct engaged in by the Defendants.  As a result, this action presents questions of fact and/or law that are common to the class as a whole.  These common questions include, but are not necessarily limited to: (i) whether the Defendants misrepresent the subsidy status of the rental properties at issue in the legal proceedings they initiate against tenants on behalf of their landlord clients in the L/T Branch; (ii) whether the Defendants' misrepresentations are likely to mislead or confuse the an unsophisticated tenant; (iii) whether

the Defendants' practices constitute unfair or unconscionable means to collect a debt; and (iv) whether the Defendants' acts and/or omissions violate the provisions of the FDCPA.

40.     The Named Plaintiffs' causes of action and claims for relief against the Defendants are typical of the causes of action and claims for relief of the proposed class as a whole.  The conduct on the part of the Defendants to which the Named Plaintiffs and the members of the proposed class have been subjected and the relief that the Named Plaintiffs and affected members of the proposed class seek as a result are essentially the same.  The Named Plaintiffs know of no disputes or conflicts of interest among themselves or between any of them and any member of the proposed class, and the Named Plaintiffs will fairly and adequately represent and protect the interests of all members of the proposed class as a whole.

41.     The Named Plaintiffs are represented by competent legal counsel with substantial experience in complex civil litigation matters, including class actions, consumer protection matters, and landlord/tenant disputes.

42.     The Defendants have acted, or failed and/or refused to act, on grounds that apply generally to all members of the proposed class, such that final declaratory and injunctive relief is appropriate with respect to the proposed class as a whole.

43.     Questions of law and fact common to the proposed class as a whole predominate over any questions affecting only individual members of the proposed class, and a class action is therefore superior to other available methods of fairly and efficiently adjudicating this controversy because, among other things, class action treatment will allow a large number of similarly-situated persons to pursue their claims simultaneously and efficiently, without the unnecessary duplication of time, effort, expense and presentation of evidence that numerous substantially similar individual actions would involve.  In addition, the class action mechanism

provides the only method by which indigent or low-income persons with comparatively small individual claims can, as a practical matter, seek redress for the wrongful acts to which they have been subjected by the Defendants as alleged herein.  The benefits of class action treatment of this case substantially outweigh the difficulties, if any, arising from management of this case as a class action.

**FIRST CAUSE OF ACTON**
**(For Declaratory and Injunctive Relief**
**With Respect To Violation of 15 U.S.C. § 1692e)**

44.     The Named Plaintiffs reallege and incorporate by reference, as though fully restated herein, the allegations set forth in paragraphs 1 through 34 above.

45.     The Defendants have filed hundreds of actions on behalf of their landlord clients in the L/T Branch, against the Named Plaintiffs and others similarly situated, utilizing the standard Verified Complaint - Form 1A, seeking the repossession of rental properties and the recovery of consumer debt consisting of back rent and/or water bills allegedly due and owing.

46.     In bringing these actions, the Defendants are acting as "debt collectors" subject to the provisions and prohibitions of the FDCPA.  *See* 15 U.S.C. § 1692a(6).

47.     In the Verified Complaint - Form 1A submissions made by the Defendants, they routinely misrepresent that the rental properties at issue, which are subject to DCHA/HUD subsidies, are not subsidized.

48.     The Defendants' false statements concerning the subsidy status of the rental properties at issue in the L/T Branch actions they initiated and continue to initiate violate 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

49.     The Defendants' false statements are misleading and confusing to unsophisticated tenants.

**WHEREFORE**, the Defendants should be immediately enjoined, during the pendency of this action, and permanently enjoined, upon the final resolution of this action in Plaintiffs' favor, from misrepresenting the subsidy status of tenants' subsidized rental housing in such written submissions as they may file on behalf of their landlord clients in legal proceedings initiated or pending in the L/T Branch of the D.C. Superior Court.

## SECOND CAUSE OF ACTION
### (For Declaratory and Injunctive Relief
### With Respect To Violation of 15 U.S.C. § 1692f)

50.    The Named Plaintiffs reallege and incorporate by reference, as though fully restated herein, the allegations set forth in paragraphs 1 through 34 above.

51.    The Defendants have filed hundreds of actions on behalf of their landlord clients in the L/T Branch, against the Named Plaintiffs and others similarly situated, utilizing the standard Verified Complaint - Form 1A, seeking the repossession of rental properties and the recovery of consumer debt consisting of back rent and/or water bills allegedly due and owing.

52.    In bringing these actions, the Defendants are acting as "debt collectors" subject to the provisions and prohibitions of the FDCPA. *See* 15 U.S.C. § 1692a(6).

53.    In the Verified Complaint - Form 1A submissions made by the Defendants, they routinely represent that the rental properties at issue, which are subject to DCHA/HUD subsidies, are not subsidized.

54.    The Defendants' false statements concerning the subsidy status of the rental properties at issue in the L/T Branch actions they initiated and continue to initiate violate 15 U.S.C. § 1692f, which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**WHEREFORE,** the Defendants should be immediately enjoined, during the pendency of this action, and permanently enjoined, upon the final resolution of this action in Plaintiffs' favor,

from misrepresenting the subsidy status of tenants' subsidized rental housing in such written

submissions as they may file on behalf of their landlord clients in legal proceedings initiated or

pending in the L/T Branch of the D.C. Superior Court.

**THIRD CAUSE OF ACTION**
**(For an Award of Statutory Damages for**
**<u>Violation of the Provisions of the FDCPA</u>)**

55.     The Named Plaintiffs reallege and incorporate by reference, as though fully

restated herein, the allegations set forth in paragraphs 1 through 34, 44 through 49, and 50

through 54 above.

56.     15 U.S.C. § 1692k(a) provides, in pertinent part, as follows:

[A]ny debt collector who fails to comply with any provision of this title with
respect to any person is liable to such person in an amount equal to the sum of –

> (1)     any actual damages sustained by such person as a result of such
> failure;
>
> (2)(A)  in the case of any action by an individual, such additional damages
> as the court may allow, but not exceeding $1,000; or
>
> (B)   in the case of a class action, (i) such amount for each named
> plaintiff as could be recovered under subparagraph (A), and
> (ii) such amount as the court may allow for all other class
> members, without regard to a minimum individual recovery, not to
> exceed the lesser of $500,000 or 1 per centum of the net worth of
> the debt collector; and
>
> (3)     In the case of any successful action to enforce the foregoing
> liability, the costs of the action, together with a reasonable
> attorney's fee as determined by the court.

**WHEREFORE,** upon the final resolution of this action in Plaintiffs' favor, establishing

that the Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, or both, the Plaintiffs shall be

entitled to a recovery of the statutory damages described in 15 U.S.C. § 1692k(a), as set forth

above.

## PRAYER FOR RELIEF

Based upon all of the foregoing, the Plaintiffs respectfully pray that this Court:

a.      Issue an Order certifying this action to proceed as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3);

b.      Approve the undersigned to serve as class counsel pursuant to Fed. R. Civ. P. 23(a)(4) and 23(g);

c.      Issue a judgment declaring that the Defendants' practices, acts and/or omissions concerning the mischaracterization of the subsidy status of tenants' rental housing in written submissions filed on behalf of their landlord clients in actions initiated or pending in the L/T Branch of the D.C. Superior Court violate the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*;

d.      Issue a judgment preliminarily and/or permanently enjoining the Defendants from continuing to misrepresent the subsidy status of tenants' rental housing in written submissions filed on behalf of their landlord clients in actions initiated or pending in the L/T Branch of the D.C. Superior Court;

e.      Award the Plaintiffs statutory damages in accordance with the provisions of 15 U.S.C. § 1692k(a)(2)(B);

f.      Award the Plaintiffs their litigation costs and reasonable attorneys' fees incurred in this action in accordance with the provisions of 15 U.S.C. § 1692k(a)(3); and

g.      Grant the Plaintiffs all such other and further relief as this Court may deem necessary and/or appropriate in the interests of justice.

## JURY DEMAND

The Plaintiffs demand trial by jury with respect to all issues so triable.

**DATED:**      November 20, 2014

**Respectfully submitted,**

Chinh Q. Le (D.C. Bar No. 1007037)
Legal Director
(cle@legalaiddc.org)
Heather M. Latino (D.C. Bar No. 1007691)
Supervising Attorney, Consumer Law Unit
(hlatino@legalaiddc.org)
(pursuant to LCvR83.2(g))
LEGAL AID SOCIETY OF THE DISTRICT
 OF COLUMBIA
1331 H Street, N.W.
Suite 350
Washington, D.C.  20005
(202) 628-1161

       and

Theodore A. Howard (D.C. Bar No. 366984)
(thoward@wileyrein.com)
Mary E. Borga (D.C. Bar No. 442462)
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C.  20006
(202) 719-7000


By:  _____

Attorneys for Plaintiffs